IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

LISA PENCE,

    Plaintiff,

v.                                                                                     No. 13-1199

TMNO HEALTHCARE, LLC d/b/a
AVALON HOSPICE and CURO
HEALTH SERVICES, INC.,

    Defendants.
_____

ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT
PREJUDICE SUBJECT TO PLAINTIFF'S ACCEPTANCE OF TERMS OF DISMISSAL
_____

Before the Court is the motion of Plaintiff, Lisa Pence, to dismiss her case against Defendants, TMNO Healthcare, LLC d/b/a Avalon Hospice ("Avalon") and Curo Health Services, LLC, ("Curo")[1] without prejudice. (Docket Entry ("D.E.") 7.) Defendants objected to Pence's Motion and urged the Court to either dismiss the case *with* prejudice or deny the motion so that the case may proceed. (D.E. 11.)

I. BACKGROUND

Plaintiff is a resident of Henderson County, Tennessee, and was employed by Avalon, a Delaware limited liability company, from June 2011 until March 10, 2012. Curo Health Services, LLC is also a Delaware limited liability company, and is the parent company of Avalon. On March 7, 2013, Pence filed her Complaint against Defendants in the Circuit Court of Madison

---

[1] Curo is improperly identified as a corporation in Plaintiff's Complaint. (D.E. 1-1.)

County, Tennessee, claiming retaliatory discharge under the Tennessee Public Protection Act (the "TPPA"),[2] Tenn. Code Ann. § 50-1-304 (2012), and under Tennessee common law. Specifically, Plaintiff asserts that she was terminated for reporting and refusing to participate in unlicensed medical practice and falsification of timesheets and doctor's orders. (D.E. 1-1 ¶ 7.)

Summonses for Avalon and Curo were issued on June 3, 2013, and served on June 5 and June 24, 2013, respectively. Defendants removed the lawsuit to this Court on June 26, 2013 (D.E. 1), and filed their Answers on July 3, 2013. (D.E. 3 & 4.) On July 15, 2013, Pence filed the present Motion to Dismiss. (D.E. 7.) To date, the parties have not engaged in discovery or filed any dispositive motions.

## II. ANALYSIS

Under Federal Rule of Civil Procedure 41(a)(2), after an answer has been filed "an action may be dismissed by the plaintiff's request only by court order, on terms that the court considers proper." It is within the district court's "sound discretion," Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994) (citing Banque de Depots v. Nat'l Bank of Detroit, 491 F.2d 753, 757 (6th Cir. 1974)), under Rule 41(a)(2) to grant or deny dismissal in order to "protect the nonmovant from unfair treatment," id. (citing Ikospentakis v. Thalassic S.S. Agency, 915 F.2d 176, 177 (5th Cir. 1990)). To ensure fair treatment, the district court must determine whether dismissal will result in "plain legal prejudice" to the defendant, rather than the "mere prospect of a second lawsuit." Id. (citing Cone v. W. Va. Pulp & Paper Co., 330 U.S. 212, 217, 67 S. Ct. 752, 755, 91 L. Ed. 849 (1947); Kovalic v. DEC Int'l, Inc., 855 F.2d 471, 473 (7th Cir. 1988)).

---

[2] The TPPA is a "whistleblower" statute that provides a cause of action for employees "discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities." Tenn. Code. Ann. § 50-1-304(b); see Tenn. Code Ann. § 50-1-304(d)(1) (providing for the cause of action).

2

A.  Absolute Defense

Under this standard, the Sixth Circuit Court of Appeals has held that "when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." Grover, 33 F.3d at 719. Thus, plain legal prejudice is "readily" found "where dismissal results in stripping a defendant of an absolute defense." Rosenthal v. Bridgestone/Firestone, Inc., 217 F. App'x 498, 500 (6th Cir. 2007); see Phillips v. Ill. Cent. Gulf R. R., 874 F.2d 984, 987 (5th Cir. 1989) (plain legal prejudice because defendant "would be stripped of absolute defense" in second suit), *reh'g denied* (July 3, 1989); see also Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984)("If defendant has already won its case, reimbursement of fees and expenses cannot make it whole from the injury of being sued again, perhaps this time to lose."). Alternatively, "[w]here a defense is still available in [a] second action, courts are less likely to find plain legal prejudice." Rosenthal, 217 F. App'x at 501; see, e.g., Manshack v. Sw. Elec. Power Co., 915 F.2d 172, 175 (5th Cir. 1990)(finding no plain legal prejudice where defendant could raise the same defense in a second action).

At issue here is whether Defendants have an absolute defense to Plaintiff's claims under Tennessee Rule of Civil Procedure 4.01(3) for intentionally delaying the issuance of a summons or service of process.  It is a well-settled rule that federal courts should apply state procedural rules to "actions in state court prior to their removal to federal court." Wilkey v. Golden Feather Realty Servs., Inc., No. 1:06-cv-72, 2006 WL 2478317, at *9–10 (E.D. Tenn. Aug. 25, 2006) (surveying the issue at length); see, e.g., United Steel Supply, LLC v. Buller, No. 3:13-CV-00362-H, 2013 WL 3790913, at *2–4 (W.D. Ky. July 19, 2013)(holding that "the State Rules govern[] actions taken while the matter remains in state court, and federal rules of procedure govern action taken post-removal"); Eccles v. Nat'l Semiconductor Corp., 10 F. Supp. 2d 514,

3

519 (D. Md. 1998)(stating that it is "well-settled that state law governs the sufficiency and service of process before removal").

Under the Tennessee Rules, "[i]f a plaintiff or counsel for plaintiff . . . intentionally causes delay of prompt issuance of summons or prompt service of a summons, filing of the complaint . . . is ineffective." Tenn. R. Civ. Proc. 4.01(3). Therefore, if the original complaint is deemed ineffective and the applicable statute of limitations has run, the plaintiff's complaint "must be dismissed as time-barred." Jones v. Vasu, 326 S.W.3d 577, 581 (Tenn. Ct. App. 2010). In applying this rule, Tennessee courts have made clear that "it is the *intent* to withhold service of process that is the test." Id. at 581 (emphasis added). The courts have also consistently rejected any excuses for delay, holding that "an intentional delay under [4.01(3)] mandates a conclusion that the original complaint was not effectively filed." Jones v. Cox, 316 S.W.3d 616, 621 (Tenn. Ct. App. 2008)(service delayed awaiting resolution of underlying case for legal malpractice claim); see also Vasu, 326 S.W.3d at 581 (service of process delayed "in order to obtain an expert opinion to support the medical malpractice claim"); Estate of Butler v. Lamplighter Apartments, 278 S.W.3d 321, 323 (Tenn. Ct. App. 2008)(delaying service of process in hopes of settling case).

Defendants assert that Pence "intentionally delayed causing summons to issue and serving Defendants," and they therefore have a "complete defense to the instant action." (D.E. 11 at 6.) If established, this would indeed be a complete defense because the statute of limitations for Plaintiff's retaliatory discharge claim ran no later than February 24, 2013—one year from Plaintiff's resignation. See Weber v. Moses, 938 S.W.2d 387, 389 (Tenn. 1996)(recognizing that retaliatory discharge falls under the general one-year statue of limitations).

4

The time between when Plaintiff initiated her lawsuit, caused summonses to issue, and ultimately served the Defendants was between three and four months. While Defendants supply no direct evidence of intentional delay, and Plaintiff's counsel does not admit as much, Defendants urge the Court to infer this intent. Defendants note that during the months between when the Complaint was filed and process was served, Plaintiff's counsel was in open and regular communication with Defense counsel regarding lawsuits on behalf of other former employees of the same facility. In particular, Plaintiff's counsel was involved in settling a case with Defendants, Whitelaw v. Curo Healthcare Svcs., Inc., TNMO Healthcare, LLC d/b/a Avalon Hospice, and Regency Healthcare Centers, Inc., No. 1:12-cv-1224, filing another suit against Defendants, Carnell v. TNMO Healthcare, LLC d/b/a/ Avalon Hospice and Curo Health Svcs., Inc., No. 1:13-cv-1201, and causing summonses to issue and serving the summonses on Defendants in another suit, Teague v. TNMO Healthcare, LLC d/b/a Avalon Hospice and Curo Health Svcs., Inc., No. C-13-13, Madison Cnty. Cir. Ct.).

Although Defendants present a well-reasoned argument, the Court is unpersuaded that Tennessee law "clearly dictates a result in their favor." Grover, 33 F.3d at 719. It is unclear whether Tennessee Courts would deem an inference, albeit compelling, of intentional delay under Rule 4.01(3) sufficient to render a complaint ineffective. While Defendants cite Jones v. Cox in support of their argument, the Court finds this case readily distinguishable. In Cox, the attorney *admitted* to delaying serving process on defendant for around nine months. 316 S.W.3d at 619–620. Here, however, Plaintiffs' counsel makes no such admission, and Defendants cite no authority permitting inferential intent. See, e.g., Vasu, 326 S.W.3d at 578, 581 (holding the filing of the complaint ineffective due to counsel's *admitted* delay of eleven months); Estate of Butler, 278 S.W.3d at 323 ("Plaintiff's counsel *admitted* that she made a conscious, voluntary decision

5

to prevent service of process.") Therefore, the Court finds that dismissal of the case without prejudice will not cause Defendant to suffer plain legal prejudice by losing an absolute defense. However, the analysis does not end here.

    B. <u>Factor Test</u>

When legal authority does not clearly dictate a result in the defendant's favor, or a defense is still available in a second action, courts must scrutinize additional factors to determine whether a voluntary dismissal without prejudice will result in plain legal prejudice. In <u>Grover</u>, the Sixth Circuit Court announced four factors which should be considered: (1) the effort and expense exhausted by the defendant in preparation for trial; (2) any excessive delay or lack of diligence by the plaintiff; (3) an insufficient explanation of the need for dismissal; and (4) whether a motion for summary judgment has been filed. 33 F.3d at 718 (citing <u>Kovalic</u>, 855 F.2d at 474). While instructive, these factors are "simply a guide," "not an exclusive or mandatory list." <u>Rosenthal</u>, 217 F. App'x at 502. Thus, "[t]here is no requirement that each of the [] factors be resolved in favor of the moving party before dismissal is appropriate." <u>Id.</u> Defendants specifically address these, as well as additional factors in their Objection. The Court will consider each factor in turn.

    1. *Effort and Expense in Preparation for Trial*

In regard to the first <u>Grover</u> factor, Defendants assert that

> [a]lthough the case is at an early stage procedurally speaking, Defendants have already gone to considerable effort and expense preparing for litigation and conducting the proceedings that have occurred to date. Defendants have viable defenses to Plaintiff's Complaint and have already undertaken extensive investigation of those defenses, have prepared for dispositive motions on those issues, and have expended time and resources to this end that are not immediately apparent from a simple review of the docket.

6

(D.E. 11 at 5.) As the Defendants concede, and Plaintiff states, this case in only in its "infant stage." (D.E. 7-1 at 3.) The Defendants only answered the complaint on July 3, 2013, no dispositive motions have been filed, and the parties have yet to engage in any discovery.

The described effort and expense incurred by Defendants here fails to meet the threshold level established by the courts for finding plain legal prejudice. Compare, Elektra Entm't Grp., Inc. v. Licata, No. 07-CV-569, 2008 WL 4059796, at *3 (S.D. Ohio Aug. 25, 2008)(defendant's effort and expense were insubstantial even though the parties had engaged in some limited discovery); Dowling v. Select Portfolio Servicing, Inc., No. 05-CV-00049, 2007 WL 2815567, at * 3 (S.D. Ohio Sept. 25, 2007)(no plain legal prejudice where discovery had not been "unusually burdensome" and defendant had not sufficiently detailed its expenditures); and Choctaw Racing Servs., Inc. v. Ky. Horsemen's Benevolent & Protective Ass'n, 3:07CV-237-S, 2007 WL 3124693, at *2 (W.D. Ky. Oct. 24, 2007)(no prejudice where a "mere five months has passed since the filing of the action"); with Grover, 33 F.3d at 718–19 (plain legal prejudice found where dismissal was sought after five years of litigation); and Rast v. City of Pigeon Forge, No. 3:10-CV-52, 2011 WL 884041, at *3 (E.D. Tenn. Mar. 11, 2011)(defendant undertook substantial effort and expense after engaging in discovery; serving interrogatories, requests for production, and requests for admission; scheduling depositions; and filing a motion for summary judgment).

Furthermore, Defendants cannot prevail on this factor even if a re-filing of the case would force them to "re-assert, investigate, and conduct discovery regarding this technical and fact-driven defense over two years after the applicable events and perhaps in the face of unknown intervening events." (D.E. 11 at 6.) Speculative assertions such as these cannot establish a basis for finding plain legal prejudice. See, e.g., Dowling, 2007 WL 2815567, at *3

(rejecting similar claims as "vague and conclusory"). For these reasons, the Court finds that the first Grover factor favors granting Pence's motion.

2. *Excessive Delay or Lack of Diligence*

Defendants maintain that Pence's delay in causing to issue and serving the summonses is indicative of her dilatory prosecutorial efforts and militates in favor of finding plain legal prejudice. As discussed before, Defendants present a compelling argument that Pence's delay in these respects was intentional in light of the open communication between counsel for both parties. However, the Court cannot conclude that Plaintiff was necessarily lax in the prosecution of her case on this basis alone. A mere two days had passed from when Defendants filed their answer to when Pence notified them of her intent to file the motion for dismissal, and Defendants do not allege that Plaintiff's counsel was otherwise unresponsive or uncooperative. Contra Rast, 2011 WL 884041, at *3 (finding prejudice where counsel was unresponsive to discovery requests and failed to appear at scheduled depositions). Therefore, the second factor also weighs in favor of dismissal without prejudice.

3. *Plaintiff's Explanation of the Need for Dismissal*

Pence requested dismissal without prejudice so as "to have ample time to investigate and assess the facts of the case prior to the litigation process proceeding." (D.E. 7-1 at 1.) While this justification is seemingly minimal, the Court cannot agree with Defendants that this results in a finding of plain legal prejudice. Parties seeking dismissal without prejudice are not required to give an exact or detailed reasoning for their actions so long as there is some logical justification. See, e.g., Quiktrak, Inc. v. Hoffman, No. 1:05-CV-384, 2005 WL 2465735, at *1–3 (W.D. Mich. Oct. 6, 2005)(finding sufficient the plaintiff's need to dismiss "so that it is not precluded from re-

8

filing if additional facts are revealed"); Allen v. Abbott Labs., No. 11-146-DLB, 2012 WL 10508, at *7 (E.D. Ky. Jan. 3, 2012)(holding that the plaintiffs' explanations were inadequate because they "do not set forth the standard for dismissal without prejudice, do not cite any case law, and do not put forth any facts in support of their position that dismissal without prejudice would be suitable"). Thus, this factor also weighs in favor of granting Pence's motion.

4. *Motion for Summary Judgment*

No motion for summary judgment has been filed in this case. Therefore, the fourth Grover factor supports dismissal of the case without prejudice.

5. *Additional Factors*

In addition to the Grover factors, Defendants argue that they will suffer plain legal prejudice if Pence's motion is granted because they will incur additional document preservation responsibilities and could be liable for further backpay. While the Court is not unsympathetic to these claims, the Defendants cite no authority indicating that these common expenses of litigation can serve as a basis for establishing plain legal prejudice. As a result, the Court finds that these additional factors fail to establish that Defendants will be prejudiced by a grant of Plaintiff's Motion to Dismiss.

C. Conditions Imposed on Dismissal

Finding that dismissal without prejudice is appropriate, the Court will also exercise its discretion to impose certain conditions on dismissal. See Fed. R. Civ. P. 41(a)(2) (the court may dismiss an action "on terms that the court considers proper"); 9 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 2366 (3d ed. 2013)(stating that "usually the district

judge at least should require that the plaintiff pay the costs of the litigation and that practice has become commonplace," and that "[t]he court also may impose certain conditions on subsequent litigation"). Dismissal without prejudice shall be conditioned on Pence's payment of Defendants' $400 filing fee incurred in removal of this case. Additionally, if Pence decides to re-file suit against Defendants in this matter, the filing must be made in this Court.[3]

### III. CONCLUSION

In sum, the Court finds that Defendants have failed to establish that a dismissal without prejudice will cause them plain legal prejudice. Therefore, Plaintiff is ordered to file a statement within eleven days of this order either accepting the conditions imposed by the Court and submitting the $400 payment or withdrawing its motion. If Plaintiff accepts, the Court will enter an order dismissing the case without prejudice.

IT IS SO ORDERED this 8th day of October, 2013.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff is not required to accept these conditions, and may instead choose to withdraw her motion to dismiss. See Mich. Surgery Inv., LLC v. Arman, 627 F.3d 572, 577 (6th Cir. 2010).